NO. 07-05-0355-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 5, 2006

_____

JOSE M. RODRIQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409220; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Jose M. Rodriquez was convicted by a jury of aggravated assault with a deadly weapon and sentenced to sixty years confinement. By a single issue, appellant contends the evidence was factually insufficient to support a finding of guilt. We affirm.

Appellant was charged with abducting the victim and forcing her to drive to various locations in Lubbock while threatening her with a pocketknife. At trial, the victim testified she met appellant at the He's Not Here Saloon on Avenue Q where they played three games of pool. After the third game, the victim decided to leave. As she walked toward the door, appellant asked her for a ride; however, she refused stating she had to go to work. She then left the bar and walked to her vehicle in the parking lot. Immediately after entering her vehicle, the victim testified she saw appellant sitting in the passenger seat holding a pocketknife. Appellant ordered her to drive and stated that he also had a gun. The victim testified she did not jump out of the vehicle and run back into the bar because she "was in shock."

First, appellant ordered the victim to drive to a "crack house" on 14th Street. During the drive, appellant repeatedly threatened to "slice [her] throat" if she "tried to do anything stupid." Upon arriving at the residence, the victim observed several men in front of the house. One of the men approached the vehicle and handed appellant a substance wrapped in tinfoil. Appellant then proceeded to smoke the substance in a glass pipe. He also attempted to make the victim smoke some of the substance but was unsuccessful. While appellant was preoccupied, the victim testified she grabbed an ASP baton she carried for protection from beneath the seat and put it under her legs so that it was easily accessible. She also stated she did not jump out of the vehicle at this point because she did not feel safe amongst the men and feared being "dragged into the house."

Next, appellant instructed her to drive slowly through two hotel parking lots. The victim testified she did not feel safe getting out at either hotel and was hoping appellant would eventually leave her alone. Appellant then ordered her to drive to a secluded industrial area on Slaton Highway. At some point, the victim decided to ignore the command and made a U-turn back toward town. Appellant became angry and stated he was going to rape her and cut her throat. The victim pulled into the Unisource warehouse parking lot and told appellant she needed to take one of her anxiety pills before she could drive any further. As appellant looked for her pills in the ashtray, she stepped on the gas and jumped out of the vehicle. As appellant took off in her vehicle, she ran to the loading dock of the warehouse and told two Unisource employees to call the police.

Lubbock police officers found the victim's abandoned truck the next day, and the victim subsequently identified appellant out of a photo lineup. At trial, the State called seven witnesses, including the victim. One witness testified on behalf of appellant. By his sole issue on appeal, appellant contends the evidence was factually insufficient to sustain the jury's finding that he assaulted the victim with a deadly weapon. We disagree.

In conducting a factual sufficiency review, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484

3

(Tex.Cr.App. 2004). In our review, we do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of fact. *See* Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992).

Here, the evidence is consistent with the victim's testimony that she was assaulted with a deadly weapon. Barry Baird testified he arrived at the He's Not Here Saloon and observed the victim and appellant in the parking lot by her vehicle. The victim testified appellant brandished a pocketknife throughout the event and repeatedly threatened to harm her. The two Unisource employees testified they saw a vehicle pull into the warehouse parking lot and observed the victim run up to the loading dock "screaming and yelling." They described her as "shaken, hysterical, and crying" and heard her say that a man was trying to stab her and kill her. They also recalled seeing a black baton in the parking lot. The baton was later retrieved by a police officer.

Lubbock police officer James Sullivan, who responded to the scene and took the victim's statement, described the victim as "absolutely hysterical" and stated that she appeared to be a victim. The next day, he was able to lift two fingerprints from the victim's vehicle which were later confirmed to be those of appellant. Detective Roy Vieregge confirmed the victim was able to identify appellant out of a photo lineup and that appellant's fingerprints were found in the victim's vehicle. Furthermore, he testified he was initially skeptical of the victim's version of events, but after further investigation, became "very comfortable" that the events actually happened.

4

On the other hand, the lone witness for the defense, David Gomez, who was awaiting trial on charges of aggravated assault and murder, testified he was at the house on 14th Street and remembered the victim and appellant together "looking to get some drugs." He stated he observed the victim and appellant smoke crack cocaine and rode in the backseat of the victim's truck while they searched for methamphetamine. He further stated he did not hear appellant threaten the victim and did not see a knife.

After reviewing the entire record, we find the evidence indicating appellant assaulted the victim with a deadly weapon to be sufficient. The jury, as trier of fact, may choose to believe all, some, or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex.Cr.App. 1997). Viewing the evidence in a neutral light, we conclude the evidence is not so weak that the jury's verdict was clearly wrong and unjust, nor is the verdict so against the overwhelming weight of the evidence as to be clearly wrong and unjust. We hold the jury was rationally justified in finding guilt beyond a reasonable doubt. Appellant's issue is overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.

5